Shields, S. J.,
delivered the opinion of the Court.
This action was instituted in the Circuit Court of Greene county, by the plaintiff in error, against defendants in error, to recover damages for the non-performance of certain conditions contained in a bond which the defendant, James A. Galbraith, as principal, and the intestate of the other 'defendant, as surety, executed on January 1, 1860, on the appointment of the said James A. as Depot Agent, at Greeneville.
Several pleas were filed, only two of which it is necessary to notice:
First. That the said James A. had not broken the conditions of the said bond.
Second. A plea of ■ set-off.
The jury found the issues for the defendants, and that the plaintiff was indebted to the defendant, James *484 A. Galbraith, upon his plea of set-off, in the sum of one thousand six hundred and fifty-six dollars and ninety-two cents.
The plaintiff entered a rule, to show cause why the verdict should be set aside, and a new trial granted, which was discharged, and judgment rendered upon the verdict.
The cause is now before us on an appeal, in the nature of a writ of error; and we, being of the opinion that there is error in the record, reverse the judgment of the court below.
The jury, it is manifest, found that the plaintiff had no ground of action against the defendants; in other words, that the defendant had not broken the condition of his bond. This being so, it was error to render judgment on the finding of the jury in favor of the defendants, on the issue on the plea of set-off; for the right to recover a judgment on a plea of set-off, depends entirely upon a recovery on the part of the plaintiff. If the plaintiff fail to establish any claim against the defendant, there is nothing against which the defendant’s demand can be set off. The plea of set-off is a statutory defense, and did not exist at common law. In its original form, it was effective only so far as to defeat the demand of the plaintiff; but by the Act of 1852, c. 259, s. 2, it was enacted that, where the set-off pleaded by the defendant is found to exceed the claim of the plaintiff, the Court shall give judgment in favor of the defendant for the excess of the said set-off over the claim of the plaintiff. This statute is-carried into the Code, 2922, being in substance the same as the *485 Act of 1852. It is entirely clear that the statute contemplates only cases where there are cross claims or demands; where there is, in fact, something due from and to each party. Such is the plain sense of the language used, and the clearly-expressed intention of the Legislature. There is nothing in the section of the Code cited, to authorize a judgment in favor of the defendant, in a case where the plaintiff establishes no demand, whatever, against the defendant. This Court, in the case of John S. Brazelton v. Nashville and Chattanooga Railroad Company, 3 Head., 570, so construed the Act of 1852, and, we are of the opinion, correctly; and also that the Code enactment has not changed the law.
After a careful consideration of the evidence in the record, from which we are convinced that justice demands that the cause should be opened for another and further investigation on the merits, the case being one of complicated accounts, we have concluded to remand the cause. In strictness, perhaps, the proper judgment here would be to reverse the judgment of the Court below, on the verdict of the plea of set-off, and render judgment here in favor of the defendant, on the verdict on the issue, on his other plea.
It is provided by the Code, 2924, that, in cases where matters of set-off are pleaded, if they consist of matters of complicated account, the Court may direct a reference to the Clerk or a special Commissioner, as in the Court of Chancery, allowing a trial by jury, of any matters of fact arising upon such account, as in Chancery cases.
*486 We remand the cause, to the end that a new trial may be had, or a reference ordered, under the provisions of this statute, as the Court below may seem proper.